**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARC ANTHONY JAMES ARNOLD,        :
                             :
        Plaintiff,        :   CIVIL ACTION
                             :
   v.                     :   NO. 10-cv-5742
                             :
NANCY L. AFFLERBACH,           :
CAROL SOMMERS,                 :
JAMES BLOOM, and              :
DALE MEISEL,                   :
                             :
        Defendants.       :

**MEMORANDUM OF LAW**

**Joyner, C.J.**                                **March 22, 2012**

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 31), Plaintiff's Memoranda in opposition thereto (ECF Nos. 35, 37), and Plaintiff's Motion for Summary Judgment (ECF No. 35). For the reasons set forth in this Memorandum of Law, Defendants' Motion for Summary Judgment is denied and Plaintiff's Motion for Summary Judgment is granted.

## I.  INTRODUCTION

On January 11, 2011, after accepting service of Plaintiff's Complaint, Defendants Bloom, Meisel and Sommers moved to dismiss the Complaint. (Defs.' Mot. Dismiss, ECF No. 9.) Defendant Afflerbach, who did not file a Rule 12 motion, failed to file a responsive pleading by the January 31, 2011 deadline. See Fed. R. Civ. P. 12(a). On July 1, 2011, the Court issued an Order denying Bloom, Meisel and Sommers' Motion to Dismiss. (ECF No.

1

27.)  They "certainly would have been entitled to file an answer
upon the [] court's denial of the motion to dismiss, Fed. R. Civ.
P. 12(a)(4)(A), but chose not to."  Burlington Northern R. Co. v.
Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996).  To date, none
of the four defendants have filed an answer to the Complaint.
"An allegation--other than one relating to the amount of damages-
-is admitted if a responsive pleading is required and the
allegation is not denied."  Fed R. Civ. P. 8(b)(6).  Therefore,
the Court must take the allegations stated in the Complaint as
true.  By admitting Plaintiff's allegations, Defendants relieved
Plaintiff of proving his case factually.  See,e.g., Burlington,
94 F.3d at 1415.

     Discovery concluded on July 18, 2011 and Defendants moved
for Summary Judgment on August 18, 2011.  On August 25, 2011,
Plaintiff opposed Defendants' motion and cross-moved for summary
judgment; Defendants chose not to respond to Plaintiff's motion.
(See Pl.'s Opp'n Mem. & Mot. Summ. J., ECF No. 35) ("Plaintiff
further request [sic] that this Honorable Court enter a summary
judgment on Plaintiff behalf [sic] based upon the fact that
defendants do no dispute or deny any of the facts put forth . . .
.")  Plaintiff's interpretation of the law is correct and he is
entitled to judgment as a matter of law.

## II.  FACTUAL BACKGROUND

     Plaintiff was, and remains, a pre-trial detainee at the

2

Lehigh County Prison charged with allegedly murdering a Bloods gang member. On July 6, 2010, Plaintiff was temporarily placed in a segregated housing unit for fighting another inmate; the fight was allegedly caused by three Bloods gang members. (See Defs.' Mot. Summ. J. Ex. 2; Pl.'s Opp'n Mem. & Mot. Summ. J. 3.) While in segregation, Plaintiff wrote to Defendants Afflerbach, Sommers, Meisel and Bloom and indicated that his life was in danger. (Compl. 3-5, ECF No. 3; Pl.'s Mot. Supp. Compl. 3-6, ECF No. 17; see also Defs.' Mot. Summ. J. Exs. 5, 7, 8.) "After the first attack, defendant [sic] knew and were well aware of plots of future attacks if plaintiff were to be put back in General Population." (Pl.'s Mot. Supp. Compl. 4.) Furthermore, Defendants admit they were "[a]ware of threats of future attacks on plaintiff" but "failed to take any action necessary to protect plaintiff from injury." Id. Plaintiff's written requests for protection were made to "all defendants" and yet Defendants "still forced Plaintiff into General Population after it was proving to be dangerous for Plaintiff." Id. at 3-5.

On August 18, 2010, Plaintiff was placed back into the prison's general population and that same day he was assaulted by Paul Jones, an inmate and alleged Bloods gang member. (Id. at 2; see also Pl.'s Opp'n Mem. & Mot. Summ. J. 4.) At one point, Plaintiff was again attacked by an inmate; this time, by his cell mate in the segregation unit. (Id. at 5.) Plaintiff has

suffered personal injury--stitches to repair damage to his face--
and pain and suffering--migraine headaches and sharp jaw pain.
(Compl. 3).

### III.  LEGAL STANDARD

Upon considering a motion for summary judgment, the Court
shall grant the motion "if the movant shows that there is no
genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).
In making a determination, "inferences to be drawn from the
underlying facts . . . must be viewed in the light most favorable
to the party opposing the motion."  Matsushita Elec. Indus. Co.
v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration in
original) (internal quotation marks omitted).  "[T]here is no
issue for trial unless there is sufficient evidence favoring the
nonmoving party for a jury to return a verdict for that party."
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### IV.  ANALYSIS

The Court's June 30, 2011 Order denying the Motion to
Dismiss found Plaintiff's allegations were "adequate to plead a
potential cause of action."  (ECF No. 27.)  The allegations, as a
matter of law, set forth a claim for Defendants' failure to
protect Plaintiff from attacks by Bloods gang members.  Although
both parties agree the Eighth Amendment applies, it appears that
Plaintiff is a pretrial detainee, which affords him protection

4

under the Fourteenth Amendment's Due Process Clause and not the Eighth Amendment.  <u>See, e.g.</u>, <u>Paulino v. Burlington Cnty. Jail</u>, 438 Fed. Appx. 106, 2011 WL 2909056, at *2 (3d Cir. July 21, 2011).  Regardless, the standard is essentially the same under either Amendment: Defendants are liable for failing to protect an inmate if "(1) he is 'incarcerated under conditions posing a substantial risk of serious harm'; and (2) the prison official[s] acted with 'deliberate indifference' to his health and safety." <u>Id.</u> (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)).

Upon Plaintiff's reassignment to the general prison population on August 18, 2010, Defendants: knew Plaintiff was accused of murdering a Bloods gang member, knew he was already once involved in a violent altercation with Bloods gang members on his first day in Lehigh County Prison, and had reviewed three written requests from Plaintiff detailing the threat to his life. Plaintiff proposed that he remain in segregated housing or be transferred to another prison.  Placing Plaintiff in the general population amongst Bloods gang members and taking no steps to ensure Plaintiff's safety posed a substantial risk of serious harm, and did in fact result in serious harm.  <u>See Rodriguez v. Sec'y for the Dept. Of Corrections</u>, 508 F.3d 611, 614, 621-22 (11th Cir. 2007).  By choosing to place Plaintiff back into the general population without taking any precautions, Defendants increased the risk of Plaintiff's injury or death.

Defendants were deliberately indifferent to the danger to Plaintiff's life. Requiring Plaintiff to identify threatening individuals by name before granting him protection may be prison policy (Defs.' Mot. Summ. J. 5) but it is not the standard of the Eighth and Fourteenth Amendments.  "[A] prison official [may not] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault."  Farmer, 511 U.S. at 843.  Plaintiff alleges more than mere supervisory liability for all of the defendants.  As stated in the admitted allegations, Defendants knew of the danger to his life and "forced Plaintiff into General Population."  See Atkinson v. Taylor, 316 F.3d 257, 270-71 (3d Cir. 2003); Carter v. Smith, Civ. No. 08-279, 2009 WL 3088428, at *4-5 (E.D. Pa. Sept. 23, 2009).  Thus, Defendants had personal knowledge of the threat to Plaintiff's life and affirmatively placed him in harm's way.

**V. CONCLUSION**

For the aforementioned reasons, Summary Judgment is granted in Plaintiff's favor.  Based on the allegations so admitted by Defendants, Defendants' Motion for Summary Judgment must be denied.